1

2

3

4

5

6

7

8

9                    UNITED STATES DISTRICT COURT

10                   EASTERN DISTRICT OF CALIFORNIA

11

12   JAMES LENNANE, an Individual,    No.  2:13-cv-02311 JAM AC
     and JC PRODUCE, LLC, a
13   California limited liability
     company,
14                                     **ORDER GRANTING DEFENDANT'S**
                    Plaintiffs,        **MOTION TO DISMISS**
15
          v.
16
     AMERICAN ZURICH INSURANCE
17   COMPANY, an Illinois
     corporation; and Does 1
18   through 30, inclusive,

19                  Defendants.

20

21        This matter is before the Court on Defendant American Zurich

22   Insurance Company's ("Defendant") Motion to Dismiss (Doc. #7)

23   Plaintiffs James Lennane ("Plaintiff Lennane") and JC Produce,

24   LLC's ("Plaintiff JCP") (collectively "Plaintiffs")third, fourth

25   and sixth causes of action in the Complaint (Doc. #1) pursuant to

26   Rule 12(b)(6) of the Federal Rules of Civil Procedure ("FRCP")

27   for failure to state a claim upon which relief may be granted.

28   Plaintiffs oppose the motion ("Opposition") (Doc. #11).

                                    1

1   Defendant filed a reply (Doc. #13).  For the following reasons,

2   Defendant's motion is GRANTED.[1]

3

4           I.   FACTUAL ALLEGATIONS AND PROCEDURAL BACKGROUND

5       Plaintiff Lennane is a resident of Florida.  Compl. ¶ 1.

6   Plaintiff JCP is a California limited liability company.  Compl.

7   ¶ 2.  Defendant American Zurich Insurance Company is an Illinois

8   corporation.  Compl. ¶ 3.

9       On April 1, 2006, Plaintiff JCP purchased a workers'

10  compensation insurance policy ("the Policy") from Defendant.

11  Compl. ¶ 7.  Under the Policy, Defendant agreed to pay the

12  benefits required of Plaintiff JCP by the California workers'

13  compensation laws.  Compl. ¶ 8.  The Policy required Plaintiff

14  JCP to reimburse Defendant for each claim, up to the deductible

15  amount of $250,000.  Compl. ¶ 11.  Plaintiff JCP collateralized

16  its deductible by providing Defendant with a $25,000 "loss fund"

17  and two standby letters of credit, in the aggregate amount of

18  $780,000 (the "Standby Letters").  Compl. ¶ 12.  Bank of the West

19  (the "Bank") issued the required Standby Letters to Defendant.

20  Compl. ¶ 12.  The Bank required Plaintiff Lennane to personally

21  guarantee repayment of the Standby Letters, in the event that

22  Plaintiff JCP failed to repay the Bank.  Compl. ¶ 12.

23      At some point in 2006, the Bank declined to renew the

24  Standby Letters, which were set to expire.  Compl. ¶ 13.  In

25  approximately December 2006, Defendant "exercised its rights

26  _____

27  [1] This motion was determined to be suitable for decision without
    oral argument.  E.D. Cal. L.R. 230(g).  The hearing was
28  scheduled for January 22, 2014.

                                    2

under the . . . Policy to present to Bank the [Standby Letters] for payment, and monetized the amount of $780,000." Compl. ¶ 13. Consequently, Defendant had possession of $805,000, which it allegedly held "in trust" for Plaintiffs' benefit. Compl. ¶ 13. Plaintiff Lennane subsequently reimbursed the Bank for its funding of the Standby Letters. Compl. ¶ 14. In October 2008, Plaintiff JCP's business failed. Compl. ¶ 15.

Previously, in October 2006, Hugo Arreola ("Arreola") filed a claim under the California workers' compensation laws against Plaintiff JCP. Compl. ¶ 18. This claim was subject to the Policy, as Arreola claimed to have suffered an injury while working for Plaintiff JCP. Compl. ¶ 18. Defendant paid "significant sums of money" to Arreola and his health care providers, under the Policy, until August 2010. Compl. ¶ 20. Between October 2006 and December 2006, Defendant billed Plaintiff JCP under the deductible provision of the Policy for Arreola's claim. Compl. ¶ 20. After Defendant monetized the Standby Letters in December 2006, Defendant continued to make payments to Arreola from the $805,000 fund held by Defendant. Compl. ¶¶ 13, 20.

In June 2010, Plaintiff Lennane obtained records that suggested Arreola had concealed a prior injury which would have impacted his workers' compensation claim. Compl. ¶ 21. Plaintiff Lennane shared the information with Defendant, which then proceeded to investigate Arreola's claim. Compl. ¶ 21. Defendant had allegedly failed to conduct a proper investigation at the time of Arreola's original claim. Compl. ¶ 21. On September 20, 2010, Defendant "shared with Plaintiffs, for the

1   first time, that they had obtained sufficient information to

2   believe Arreola was a fraudster."  Compl. ¶ 21.

3        On September 18, 2013, Plaintiffs filed the Complaint (Doc.

4   #1) in California Superior Court, Sacramento County.  The

5   Complaint includes the following causes of action: (1) breach of

6   contract; (2) tortious breach of the implied covenant of good

7   faith and fair dealing; (3) unfair insurance business practices

8   in violation of California Insurance Code section 790.03;

9   (4) breach of fiduciary duty; (5) unfair business practices in

10  violation of California Business and Professions Code section

11  17200; (6) negligence; and (7) conversion.  On November 6, 2013,

12  Defendant removed the action to this Court and on November 13,

13  2013 filed its motion herein to dismiss the third, fourth and

14  sixth causes of action.   The Court has original jurisdiction

15  over this action pursuant to 28 U.S.C.

16  § 1332.

17

18                          II.   OPINION

19       A.   Legal Standard

20       A party may move to dismiss an action for failure to state a

21  claim upon which relief can be granted pursuant to Federal Rule

22  of Civil Procedure 12(b)(6).  To survive a motion to dismiss a

23  plaintiff must plead "enough facts to state a claim to relief

24  that is plausible on its face." Bell Atlantic Corp. v. Twombly,

25  556 U.S. 662, 570 (2007).  In considering a motion to dismiss, a

26  district court must accept all the allegations in the complaint

27  as true and draw all reasonable inferences in favor of the

28  plaintiff.  Scheuer v. Rhodes, 416 U.S. 232, 236 (1974),

1  overruled on other grounds by Davis v. Scherer, 468 U.S. 183

2  (1984); Cruz v. Beto, 405 U.S. 319, 322 (1972).  "First, to be

3  entitled to the presumption of truth, allegations in a complaint

4  or counterclaim may not simply recite the elements of a cause of

5  action, but must sufficiently allege underlying facts to give

6  fair notice and enable the opposing party to defend itself

7  effectively."  Starr v. Baca, 652 F.3d 1202, 1216 (9th Cir.

8  2011), cert. denied, 132 S. Ct. 2101, 182 L. Ed. 2d 882 (U.S.

9  2012).  "Second, the factual allegations that are taken as true

10 must plausibly suggest an entitlement to relief, such that it is

11 not unfair to require the opposing party to be subjected to the

12 expense of discovery and continued litigation."  Id.  Assertions

13 that are mere "legal conclusions" are therefore not entitled to

14 the presumption of truth.  Ashcroft v. Iqbal, 556 U.S. 662, 678

15 (2009) (citing Twombly, 550 U.S. at 555).  Dismissal is

16 appropriate when a plaintiff fails to state a claim supportable

17 by a cognizable legal theory.  Balistreri v. Pacifica Police

18 Department, 901 F.2d 696, 699 (9th Cir. 1990).

19     Upon granting a motion to dismiss for failure to state a

20 claim, a court has discretion to allow leave to amend the

21 complaint pursuant to Federal Rule of Civil Procedure 15(a).

22 "Dismissal with prejudice and without leave to amend is not

23 appropriate unless it is clear . . . that the complaint could not

24 be saved by amendment."  Eminence Capital, L.L.C. v. Aspeon,

25 Inc., 316 F.3d 1048, 1052 (9th Cir. 2003).

26     B.   Discussion

27          1.   Third Cause of Action—Unfair Business Practices

28     Defendant argues that Plaintiffs' third cause of action,

1    which alleges unfair business practices in violation of

2    California Insurance Code section 790.03(h) – also referred to as

3    the Unfair Insurance Practices Act ("UIPA") – must be dismissed

4    because "[t]he California Supreme Court has repeatedly held that

5    insureds have no private right of action for alleged violations

6    of section 790.03(h)."  Mot. at 4.  Plaintiffs "concede that [the

7    UIPA] does not lead to a private cause of action."  Opp. at 3.

8    Therefore, Defendant's motion to dismiss Plaintiffs' third cause

9    of action is GRANTED.

10        Plaintiffs argue that they "may plead violation of the UIPA

11   as the basis for [their] UCL claim" and seek leave "to amend the

12   complaint relating thereto."  Opp. at 3.  Plaintiffs appear to be

13   requesting leave to amend their fifth cause of action – an Unfair

14   Competition Law ("UCL") claim – with an additional allegation

15   that Defendant violated the UIPA.  This is expressly prohibited.

16   Zhang v. Superior Court, 57 Cal.4th 364, 384 (2013) (noting that

17   "a litigant may not rely on the proscriptions of section 790.03

18   as the basis for a UCL claim" because "[p]rivate UIPA actions are

19   absolutely barred").  Plaintiffs can draw no support from the

20   holding of Zhang, which is merely that "the UIPA does not

21   immunize insurers from UCL liability for conduct that violates

22   *other laws in addition to* the UIPA."  Zhang, 57 Cal.4th at 384

23   (emphasis added).  Zhang is clear that "a plaintiff may not use

24   the UCL to 'plead around' an *absolute* bar to relief[.]"  Zhang,

25   57 Cal.4th at 369 (emphasis in original).  Permitting Plaintiffs

26   to "plead violation of the UIPA as the basis for [the] UCL claim"

27   would be in direct contravention of Zhang.  Opp. at 3.

28   Therefore, Defendant's motion to dismiss Plaintiffs' third cause

1   of action is GRANTED WITHOUT LEAVE TO AMEND.

2          2.   Fourth Cause of Action—Breach of Fiduciary Duty

3          Defendant argues that Plaintiffs' fourth cause of action for

4   breach of fiduciary duty must be dismissed because, under

5   California law, a fiduciary relationship does not exist between

6   an insurer and an insured.  Mot. at 5.  Plaintiffs argue that

7   California law does not rule out the existence of a fiduciary

8   relationship between an insurer and an insured, citing

9   Frommoethelydo v. Fire Ins. Exch., 42 Cal.3d 208 (1986) and Tran

10  v. Farmers Grp., Inc., 104 Cal.App.4th 1202 (2002).  Opp. at 3.

11  Plaintiffs additionally argue that Defendant acted as an

12  "attorney-in-fact" by "handling $805,000 in Plaintiffs' funds

13  Plaintiffs entrusted to [Defendant]," and therefore owed a

14  fiduciary duty to Plaintiffs.  Opp. at 4.

15         Under California law, "an insurer is not a fiduciary for its

16  insured in the traditional sense and cannot be held liable for

17  breach of fiduciary duties."  Casey v. Metro. Life Ins. Co., 688

18  F.Supp.2d 1086, 1100 (E.D. Cal. 2010).  Although "special and

19  heightened duties" are owed by insurers to insureds, the

20  "insurer-insured relationship is not a true 'fiduciary

21  relationship.'"  Casey, 688 F.Supp.2d at 1100.  Accordingly, an

22  insured may not normally bring a cause of action against his

23  insurer for breach of fiduciary duty.  See Solomon v. North

24  American Life & Cas. Ins. Co., 151 F.3d 1132, 1138 (9th Cir.

25  1998) (holding that an insurer "owed no fiduciary duty to [the

26  insured] as a result of their insurer-insured relationship");

27  Casey, 688 F.Supp.2d at 1101 (holding that "a separate claim does

28  not exist for breach of fiduciary duty").

1  ///

2      Plaintiffs' reliance on <u>Frommoethelydo v. Fire Ins. Exch</u>.,

3  42 Cal.3d 208 (1986) is misplaced.  To the extent that

4  <u>Frommoethelydo</u> suggests that an insured may bring a claim for

5  breach of fiduciary duty against an insurer, the California

6  Supreme Court has since rejected this approach.  <u>Vu v. Prudential</u>

7  <u>Prop. & Cas. Ins. Co.</u>, 26 Cal.4th 1142, 1150–1151 (2001) (noting

8  that "the insurer-insured relationship . . . is not a true

9  'fiduciary relationship' in the same sense as the relationship

10  between a trustee and a beneficiary, or attorney and client").

11  Likewise, Plaintiffs' reliance on <u>Tran v. Farmers Grp., Inc.</u>, 104

12  Cal.App.4th 1202 (2002) is misplaced.  The <u>Tran</u> court notes its

13  agreement with "the authorities suggesting that an insurer's

14  breach of its 'fiduciary-like duties' is adequately redressed by

15  a claim for breach of the covenant of good faith and fair dealing

16  implied in the insurance contract."  <u>Tran</u>, 104 Cal.App.4th at

17  1212.  Accordingly, Plaintiffs' claim for breach of fiduciary

18  duty cannot be based solely on the existence of the insurer-

19  insured relationship.

20      Plaintiffs concede as much, acknowledging that Defendant

21  "was not acting as a 'fiduciary' when carrying out the terms of

22  its insurance policy."  Opp. at 4.  However, Plaintiffs argue

23  that Defendant "undertook to do more" and acted as a fiduciary

24  "in handling the $805,000 in Plaintiffs' funds Plaintiffs

25  entrusted to [Defendant]."  Opp. at 4.  This argument falls short

26  given Plaintiffs' own allegation that Defendant "exercised its

27  rights *under the* . . . *Policy*" when it monetized the $780,000

28  from the Bank.  Compl.  ¶ 13 (emphasis added).  Thus, Plaintiffs

themselves acknowledge that Defendant did not "undert[ake] to do more" by monetizing the Standby Letters and holding the $805,000 as a collateralized deductible: rather, Defendant was merely carrying out the terms of the Policy.  Compl. ¶ 13.

Finally, Plaintiffs' contention that, "in handling these funds, [Defendant] acted as an attorney-in-fact, owing to Plaintiffs a fiduciary duty" finds no support in the Complaint. Opp. at 4.  An attorney-in-fact must be duly appointed through a written agreement.  See Delos v. Farmers Grp., Inc., 93 Cal.App.3d 642, 652 (1979) (noting that attorneys-in-fact, in the insurance context, are empowered in written underwriters agreements).  Plaintiffs fail to allege the existence of a written agreement, separate from the Policy, that grants Defendant authority with regard to Plaintiffs' funds. Accordingly, Defendant's motion to dismiss Plaintiffs' fourth cause of action is GRANTED WITHOUT LEAVE TO AMEND.

> 3.   Sixth Cause of Action--Negligence

Defendant argues that Plaintiffs' sixth cause of action, a negligence claim, must be dismissed because "California courts have made clear that the only tort remedy available for the breach of an insurance contract is 'bad faith,' a claim that requires more than a showing of 'mere negligence.'"  Mot. at 8. Plaintiffs respond that Defendant owed Plaintiffs a duty to investigate the testimony of workers' compensation claims made under the Policy and a duty to not pay fraudulent claims.  Opp. at 5-6.  Plaintiffs also cite Erlich v. Menezes, 21 Cal.4th 543 (1999) for the rule that "where a social policy exists, or where a traditional common law tort accompanies the breach [of a

1  contract], such as fraud or conversion, the courts allow" a tort

2  claim.  Opp. at 6.

3      In California, "negligence is not among the theories of

4  recoveries generally available against insurers." Tento Int'l,

5  Inc. v. State Farm Fire & Cas. Co., 222 F.3d 660, 664 (9th Cir.

6  2000).  When "an insured seeks to recover in tort for an

7  insurer's mishandling of a claim, it must allege *more* than mere

8  negligence." Adelman v. Associated Int'l Ins. Co., 90

9  Cal.App.4th 352, 369 (2001) (emphasis in original).  Rather, in

10 the context of an insurance contract, California courts "rel[y]

11 on the covenant of good faith and fair dealing, implied in every

12 contract, to justify tort liability." Erlich, 21 Cal.4th at 552.

13     To the extent Plaintiffs rely on Erlich, their agrument

14 fails .  The Erlich court unequivocally asks and answers the very

15 question posed in the present case: "[I]s the mere negligent

16 breach of a contract sufficient [to impose tort liability]? The

17 answer is no." Erlich, 21 Cal.4th at 552.  Erlich goes on to

18 describe "the familiar paradigm of tortious breach of [an

19 insurance] contract," in which courts "rel[y] on the covenant of

20 good faith and fair dealing . . . to justify tort liability."

21 Id. at 552.  The remainder of Erlich's language, quoted by

22 Plaintiffs, is specifically limited to circumstances "outside the

23 insurance context" and is inapplicable to the present case.  Id.

24 at 553-54.

25     Furthermore, Plaintiffs' apparent contention that its

26 negligence claim is viable because Defendant committed the

27 "traditional common law tort" of conversion simply does not

28 follow.  Opp. at 6-7.  If anything, the allegation of conversion

1   supports a tort claim for *conversion*, not negligence.

2        Accordingly, Defendant's motion to dismiss Plaintiffs' sixth

3   cause of action is GRANTED WITHOUT LEAVE TO AMEND.

4

5                              III.   ORDER

6        For the reasons set forth above, the Court GRANTS

7   Defendant's Motion to Dismiss.  Plaintiff's third, fourth, and

8   sixth causes of action are DISMISSED WITHOUT LEAVE TO AMEND.

9        IT IS SO ORDERED.

10  Dated:  February 7, 2014

11

12                                      _____
                                        JOHN A. MENDEZ,
13                                      UNITED STATES DISTRICT JUDGE

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

                                     11